# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STEPHEN FEMIA,

                        Plaintiff,

v.                                          Case No:   6:15-cv-113-Orl-22GJK

MELBOURNE GREYHOUND PARK,
LLC,

                        Defendant.

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE** (Doc. No. 14) |
| **FILED:** | **April 20, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

On January 26, 2015, Plaintiff filed a single-count complaint (the "Complaint") against Defendant.  Doc. No. 1.  The gravamen of the Complaint is that Defendant failed to pay Plaintiff minimum wage for all work he performed between January of 2014 through November of 2014, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.  *Id*. at 4-5.  On February 24, 2015, Defendant filed an answer denying that it violated the minimum wage provision of the FLSA.  Doc. No. 6.  On March 2, 2015, the Court entered an FLSA scheduling order, in which

the Court directed Plaintiff to file his answers to the Court's Interrogatories (attached to the FLSA

scheduling Order) on April 13, 2015.   Doc. No. 10 at 2.   On April 9, 2015, the parties filed a

notice that they settled the case.   Doc. No. 12.   As a result, Plaintiff did not file his answers to

the Court's Interrogatories.   On April 20, 2015, the parties filed a Joint Motion for Approval of

FLSA Settlement and Dismissal with Prejudice (the "Motion") requesting that the Court approve

their settlement agreement (the "Agreement") and dismiss the case with prejudice.   Doc. No. 14.

**II.**   **LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir.

1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final

and enforceable:

> [t]here are only two ways in which back wage claims arising under
> the FLSA can be settled or compromised by employees.   First,
> under section 216(c), the Secretary of Labor is authorized to
> supervise payment to employees of unpaid wages owed to them . .
> ..   The only other route for compromise of FLSA claims is provided
> in the context of suits brought directly by employees against their
> employer under section 216(b) to recover back wages for FLSA
> violations.   When employees bring a private action for back wages
> under the FLSA, and present to the district court a proposed
> settlement, the district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness.

*Id*. at 1352-53.   Thus, unless the parties have the Secretary of Labor supervise the payment of

unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties'

agreement is unenforceable.   *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-

cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of

FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked

Court approval or supervision by the Secretary of Labor).   Before approving an FLSA settlement,

the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide

dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.  FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.  *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted).   To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.  *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[2]   In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.   *Id*.   When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3]   Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4]   It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 F. App'x at 351-52.   In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.   Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

June 5, 2009).   As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.   In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

## III.   ANALYSIS.

### A.  Settlement Amount.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute.   Doc. Nos. 1; 6; 14 at ¶ 2.   The parties were represented by independent counsel who are obligated to vigorously represent their clients.   Doc. Nos. 1; 6; 14 at 4.   After the parties exchanged wage information, Plaintiff "prepared independent calculations of his estimated damages based on alleged off-the-clock hours worked" determining that "if he prevailed on his off-the-clock claim, he would be entitled to a maximum of $1,046.76 in unpaid minimum wage compensation."   Doc. No. 14 at ¶ 4.   Plaintiff agreed to compromise his claim based on the difficulty of proving his off-the-clock claim, and the time and expense of continued litigation.   *Id.* at ¶ 5, 4-5.   Under the Agreement, Plaintiff, in exchange for a general release, has agreed to accept a total settlement amount of $4,500.00, which represents $700.00 in unpaid wages, $700.00 in liquidated damages, $100.00 as consideration for the general release, and $3,000.00 in attorney's fees and costs.   Doc. Nos. 14 at ¶ 6; 14-1 at 1-2.   After reviewing the Motion and Agreement, it is **RECOMMENDED** that the Court find the amount of Plaintiff's settlement to be fair and reasonable.

### B.  Attorney's Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $3,000.00 in attorney's fees

and costs.   Doc. Nos. 14 at 5-6; 14-1 at 2.   Plaintiff's counsel, Ms. Kimberly De Arcangelis, and her paralegal, Ms. Becki Rodak, performed the following work in this case: a pre-suit investigation; exchange and review of payroll records; and multiple conferences with Defendant concerning issues of fact and settlement.   Doc. Nos. 14 at 5; 14-2 at ¶ 3.   Ms. De Arcangelis avers that she performed 9.3 hours of work at an hourly rate of $425.00, while Ms. Rodak performed 3.2 hours of work at an hourly rate of $105.00.   Doc. Nos. 14 at 6; 14-2 at ¶¶ 5-6.   Accordingly, Plaintiff's counsel incurred $4,288.50 in fees, as well as $455.00 in costs for the filing fee and service of process.   Doc. Nos. 14 at 6; 14-2 at ¶¶ 5-6.   The parties represent that they "separately negotiated for Plaintiff's attorney's fees and costs," resulting in a thirty-seven percent (37%) reduction in Plaintiff's counsel's claimed fees and cost.   Doc. No. 14 at 6.   Given the work performed and the separate negotiation of attorney's fees and costs, the undersigned finds the amount allocated under the Agreement for attorney's fees and costs is reasonable.   Accordingly, it is **RECOMMENDED** that the Court find the Agreement to be a fair and reasonable settlement of Plaintiff's FLSA claim.

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 14) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. The Court enter an order dismissing the case with prejudice; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.   **If the parties have no objection to this Report and**

**Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on April 27, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy